IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY GARCIA,

        Plaintiff,

v.  No. CIV-06-0023 MV/RLP

DON HOOVER,
JEFF SERNA,
JOHN DOE,
JOHN DOE,
JOHN DOE,
ROBERT J. PERRY,
BRIAN CULP,
JOHN SHANKS,
JOE R. WILLIAMS,
DARELD L. KERBY,
EDWARD GONZALES,
GILBERT GARCIA,
ELMER BUSTOS,
each being sued in their
individual and official
capacities,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. The motion for leave to proceed in forma pauperis will be granted and the initial partial payment waived. For the reasons below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In 1986, Plaintiff's New Mexico death sentence was commuted to life imprisonment, and he has been confined in California since 1994 as a transferee from the New Mexico correctional system. The complaint names thirteen New Mexico corrections officials as Defendants and sets out sixteen causes of action. In summary, Plaintiff alleges that his transfer and a variety of subsequent deprivations resulted from a conspiracy among the Defendants to violate Plaintiff's rights under the Constitution and other laws. For relief, the complaint seeks damages and injunctive and declaratory relief.

The complaint contains a lengthy recitation of factual allegations in support of Plaintiff's claims. Defendants conspired to place Plaintiff in permanent administrative segregation, conduct groundless classification and status review actions based on false reports, confine him with known gang members, and deny him adequate medical treatment and access to legal materials. Their actions were in retaliation for Plaintiff's commuted sentence and were motivated by racial animus. Plaintiff contends that Defendants entered into the conspiracy in violation of 42 U.S.C. §§ 1985 and 1986. Defendants also violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments as well as state constitutional and statutory provisions.

Plaintiff has made these allegations previously in this Court. *See Garcia v. Hoover*, No. CV

93-1286 JB/LFG ("*Garcia* I"); *Garcia v. Hoover*, No. CV 03-1119 WJ/RLP ("*Garcia* II"), *aff'd sub nom. Garcia v. LeMaster*, --- F.3d ---, 2006 WL 497716 (10th Cir. 2006) ("*Garcia* III").  The Magistrate Judge assigned to Plaintiff's 1993 case described his claims thus:

> Plaintiff alleges that his transfer to out-of-state prisons and his placement in involuntary administrative segregation when residing at New Mexico Correctional facilities was motivated by racism and done in retaliation for having his death sentence commuted.  He further alleges that the Defendants have conspired to bring about his placement in out-of-state facilities and administrative segregation. . . .  Plaintiff seeks declaratory relief and monetary damages.

*Garcia*, No. CV 93-1286 JB/LFG, proposed analysis and recommended disposition at 1 (D.N.M. Nov. 8, 1994).  The Court dismissed the complaint.  The complaint in *Garcia* II named three of the Defendants in the instant case and alleged unlawful retention in administrative segregation, lack of recreation, unlawful classification, violation of correctional guidelines, and denial of access to the courts.  Plaintiff sought both damages and injunctive relief.  This Court dismissed the complaint in *Garcia* II, and the Court of Appeals for the Tenth Circuit affirmed the dismissal, though on different grounds.  *See Garcia* III, --- F.3d at ---, 2006 WL 497716, at *5.

The instant complaint is thus Plaintiff's third attempt to bring the same claims against New Mexico defendants in this Court, and his claims are subject to the doctrine of res judicata. "Res judicata requires that a plaintiff present all claims arising out of a transaction in a single suit.  The doctrine applies to preclude a subsequent suit when the following requirements are met:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."

*Overton v. United States*, 48 F. App'x 295, 301 (10th Cir. 2002) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000)).  Here, Plaintiff asserts his claims against several Defendants

3

that he has sued before, and he makes no allegation that a new conspiracy began after dismissal of his previous complaints. He is now precluded from reasserting these claims.

The instant complaint is distinguished from those in earlier actions by naming a number of Defendants that were not previously sued. The Court assumes, for purposes of this order only, that the newly named Defendants are not in privity to the Defendants in the earlier actions. *See Plotner*, 224 F.3d at 1168. Plaintiff's claims against these Defendants will be dismissed in accordance with the Tenth Circuit's analysis in *Garcia* III, --- F.3d ---, ---, 2006 WL 497716, at *2- *4 (ruling that Plaintiff's allegations did not state claims against New Mexico defendants). Here, as in *Garcia* II, Plaintiff's allegations against the conditions of confinement in California do not support claims against New Mexico corrections officials. Furthermore, claims against New Mexico Defendants based on allegations of a conspiracy from twelve years ago are barred by the applicable statute of limitations. *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

4